ANN, The SARAH.

[See The Sarah Ann, Case No. 12,342.]

---

## Case No. 429.
### ANONYMOUS.
### The DOROTHEA FOSTER.

[1 Adm. Rec. 368.]

Superior Court, S. D. Florida.   Dec. 5, 1836.

SALVAGE—AWARD—FORFEITURE FOR MISCONDUCT.

[1. Salvors, who, at a critical moment, refuse to perform labor essential to the preservation of the cargo, and who pursue a course embarrassing to others engaged in rendering salvage services in good faith, thereby forfeit all right to compensation.]

[2. Seamen on board a salving vessel, who get intoxicated and refuse to labor, and who hinder the labors of their fellows, thereby forfeit compensation in proportion to the degree and duration of their misconduct.]

[3. A captain or seaman of a salving vessel, who appropriates to his own use some of the property saved, although of trifling value, and without positive wicked intent, thereby forfeits all right to compensation.]

[4. It is the duty of the captain of a salving vessel to promptly bring into port, or forward, all articles received for the purposes of salvage, although of trifling value; but where such articles are afterward voluntarily produced, and it appears that the neglect resulted merely from thoughtlessness, the compensation is not necessarily forfeited thereby.]

[5. Compensation for salvage services, which has been forfeited for a neglect of duty which increased the labors and difficulties of other salvors, should be divided between such other salvors and the claimants.]

[6. Compensation for salvage services, which has been forfeited for a wrongful appropriation of the property by salvors to their own use, should be paid to the claimants.]

[In admiralty. Libel for salvage by Richard Roberts and others against the cargo and materials of the ship Dorothea Foster, (James Tilly, claimant.) Decree for libellants, in part.]

Wm. Marvin, for libellants.

A. Gordon, for claimant.

WEBB, District Judge. From the testimony in this case, I am satisfied that important services were rendered in saving a portion of the cargo and materials of the ship Dorothea Foster, after she was wrecked, that their services were the sole means by which this property was saved from destruction, and that they were rendered under circumstances of much difficulty and some danger to the salvors. I therefore consider it a case of much merit on the part of most of the actors, and one in which they are entitled to a liberal reward as salvage. In relation to a

few of them, however, I regret that the same favorable opinion cannot be entertained. The conduct of the libellant Bethel, of the schooner Amelia, and of the libellant Mott, of the schooner Single Sailor, was such, during a part of the transaction at least, as should deprive them of all compensation for their services in reference to this property. Independent of the allegation that they have not accounted for all the property taken by them from the ship, (and which they have not satisfactorily explained, it appears that they and the crews of their vessels refused, at an important moment in saving the cargo, to perform such labor as was deemed essential to its preservation, and pursued a course which was an embarrassment to those who were really engaged in rendering their services in good faith. These libellants, therefore, and the persons connected with them in their respective vessels, are adjudged to have forfeited all right to salvage in this case.

There are also other individuals who acted so badly as to affect their rights. Wm. Pratt, a seaman on board the sloop Brillant, by getting intoxicated and refusing to labor during a great part of the time that others were employed, and by interfering with and impeding their labors, has forfeited all right to compensation. And Silas Park and Thomas Roberts, also seamen of the Brillant, by getting intoxicated and declining to work a part of the time, have forfeited one half of the compensation to which they would otherwise have been entitled had they acted throughout with fidelity. The court regrets the necessity which impels it to inflict their forfeitures; but if those who make it a profession to save the property of others, when involved in peril, do not act with fidelity, they do an injury instead of conferring a benefit and are entitled to reprehension rather than reward.

There are two other individuals the investigation of whose conduct has produced still greater regret on the part of the court.— Those individuals are Captain Johnson of the schooner Hester Ann and Seaman Johnson of the sloop Thistle. They rendered their services faithfully it is true, so far as this court is informed, but have forfeited all right to compensation for their services by subsequently appropriating to their own use some of the property which they had been instrumental in saving. It is admitted, the value of the property thus appropriated was very small, consisting only of a few pounds of damaged sugar, and hence the court cherishes the hope that the act resulted rather from a want of reflection as to its consequences, than from wicked or depraved motives; still such acts cannot be tolerated or excused, however free the parties may feel themselves from intentional guilt; and the salvor who comes into court, with his hands thus stained, will invariably find his claims to compensation disregarded. On the part of Captain Johnson, the act is viewed in a much worse light than on the part of the seamen; because from his station as commander of the vessel better things were to be expected, and it is to his conduct that his men will be disposed to look as a guide for their own.

It appears also from the testimony that Capt. Brown of the schooner Caroline received on board his vessel a few articles, (of little value it is true,) which were not brought to this port, and reported the residue of the cargo. These articles he has since voluntarily produced and partially explained his previous neglect, and therefore has avoided a forfeiture of his claims; but the court must take this opportunity to remark that it is imperatively the duty of salvors when they have secured from a wrecked vessel, any property, however small its value, to account for that property without unnecessary delay. In this case, Capt. Brown might have produced the articles secured by him at an earlier period, and their small value affords no sufficient reason for his not having done so, as he could have forwarded them to Key West by the other vessels bound to this port with other portions of the cargo, and with which he was consorted, even tho' they were of too little value to justify his bringing them in his own vessel. His voluntarily accounting for them subsequently however, and his general good conduct throughout the whole transaction in saving the property taken from the ship, is sufficient to satisfy the court that this act proceeded from thoughtlessness rather than design, and therefore, in this case, his rights will not be affected.

The net value of the property saved from this wreck after the payment of duties is estimated by a sale of a part and an appraisement of the residue to be $9,208.47. Salvage on that sum, say one moiety, which is the proportion deemed to be just under the circumstances, is $4,604.23½c. This sum, agreeably to articles of consortship entered into between the libellants, would be divided between nine vessels, to wit, the schooners Brillant, Caroline, Fair American, Hester Ann, Splendid, Citizen, Amelia, and Single Sailor, and the sloop Thistle, and their respective officers and crews, and under that division the proportion to which the schooners Amelia and Single Sailor, and their officers and crews, would have been entitled, is $966.97c., and the share of Pratt and half shares of Park and Roberts of the Brillant are $45.23, making the aggregate sum of $1,012.20c., which is forfeited for bad conduct, but as the cause of forfeiture has mainly been for a neglect of duty and in consequence of which the labors and difficulties of the other actors were increased, it is considered just that the sum of $1,012.20c. should be divided between them and the owners of the property, which being done will produce the sum of $4,098 and 12 cents, to be divided between the remaining seven vessels and their officers and crews,

except as regards the shares of the two Johnsons, which are forfeited for an improper appropriation of the property to their own use, and will be paid to the owners of the ship and cargo. The clerk is therefore directed to make out a decree in conformity to this opinion, taking the following statement as his data:

| | |
|---|---:|
| Net amount of sugar, coffee and materials of the ship (duties and expenses of sale paid) is | $4,519 39 |
| Net value of rum according to appraizement, after deducting duties | 4,689 08 |
| Whole value of cargo and materials | $9,208 47 |
| Salvage on $9,208.47 at 50 per ct. is | $4,604 23¼ |

And if divided agreeably to articles of consortship between nine vessels and their respective crews, would give to schooner Amelia and crew $509.62, to Single Sailor and crew $457.35, to seaman Pratt $22.61½, and to seamen Park and Roberts each an equal sum, half of which is $22.61½. These sums, amounting in the aggregate to $1,012.20, are to be divided between the other salvors and the owners of the property, one half of which ($506.10) added to $3,592.01½, the salvage of the seven vessels not forfeited, is $4,098.11½, which is to be divided between the seven vessels as follows: To those representing the sloop Brillant the sum of $668.55, to be divided between the owners of the vessel and the officers and crew except Wm. Pratt, who is to receive nothing, and Silas Park and Thomas Roberts, who are to receive only half shares each. To those representing the schooner Caroline $527 and 6c., to be divided between owners of vessel, officers and crew. To those representing the sloop Thistle, $566.52, less $23.60c. Seaman Johnson's share is forfeited; the residue to be divided between owners of vessel, officers and crew except Johnson. To those representing schooner Fair American $462.50c., to be divided between owners of vessel, officers and crew. To the owners of the schooner Hester Ann, officers and crew, (except Capt. Johnson, whose shares are forfeited,) $605.-02c., less $90.75, said Johnson's part. To those representing the sloop Citizen $527.06, to be divided between owners of vessel, officers and crew. To those representing the schooner Splendid $723.41c., to be divided between owners of vessel, officers and crew. The residue of the cargo and materials of said ship, and the proceeds arising from the sales, say $4,604.22, being one moiety thereof, to which is to be added one half of the amount of salvage of Amelia, Single Sailor, and the shares of their officers and crews, and the share of Pratt and the half shares of Park and Roberts, which are forfeited, and also the entire shares of Capt. Johnson of the Hester Ann and Seaman Johnson of the Thistle, which are also forfeited, amounting in the whole to the sum of $620.45, making the aggregate sum of $5,224.67, will, after deducting so much as may be necessary to pay the costs and expenses of this suit, be delivered over to the respondent Tilly, the master of said ship, for and on account of all concerned and interested therein.